80    33
|s182s135|

## City of Chicago v. George H. Williams.

1. CITY OF CHICAGO—*Authority of the Corporation Counsel to Employ Stenographers.*—If in the judgment of the corporation counsel it is necessary that he should, in the conduct of the city's law business, appear and defend police officers in suits for arrests made by them, he has the power to do so, and to bind the city for contingent legal expenses so incurred, to be paid out of the fund appropriated and placed at his disposal for such purposes.

2. STENOGRAPHERS—*Services Payable out of the Contingent Fund for Expenses of the Law Department.*—The employment of a stenographer to report proceedings in suits in which police officers of the city are defendants, is a legitimate expense of the law department of the city of Chicago, and properly payable out of the contingent fund for expenses of the law department.

3. SAME—*Power to Employ Implied.*—Where money is expressly appropriated as a contingent fund, for expenses of the law department of the city of Chicago, no special ordinance authorizing or directing the corporation counsel to employ a stenographer to report the proceedings in trials in which police officers are parties defendant is necessary.

4. CITIES—*Liability for Services of Stenographer.*—The fact that a city is not liable for the unlawful or negligent acts of police officers in the discharge of their duties, as, when an arrest made by them is illegal, does not exempt it from the payment of a stenographer legally employed to report the proceedings in such suits.

**Assumpsit**, for stenographer's services. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed January 24, 1899.

CHARLES S. THORNTON, corporation counsel, and J. R. CORRIGAN, attorneys for appellant.

JUDD & HAWLEY, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee sued to recover for services as stenographer, rendered in a trial of a suit brought against the chief of police of the city of Chicago and one of his officers. The

latter were defended by the assistant corporation counsel of the city, who testifies that he employed appellee to do the stenographic work in that case. There is no contention that the service was not rendered, nor that the charges made were not the usual and ordinary rates paid to stenographers in Chicago for the work done.

The contention of the city is, that it "is not liable for damages for torts committed by its police," and therefore not "liable for a court stenographer's services employed in the defense of one of its police in an action on the tort."

A section from the ordinances of the city of Chicago, defining the duties of the corporation counsel, was introduced in evidence, which requires him to "superintend, with the assistance of the city attorney and prosecuting attorney, the conduct of all the law business of the city."

It is doubtless true that the city is not liable for the unlawful or negligent acts of police officers in the discharge of their duties, as, for example, "for an arrest made by them which is illegal for want of a warrant, or for other cause." Dillon on Municipal Corp., Sec. 975.

But the corporation counsel, charged with superintending the conduct of the law business of the city, may have had good reason for concluding that it was for the interest of the city that he should appear as counsel for its chief of police in the suit in question. There was at his disposal a contingent fund, for expenses of the law department, out of which stenographer's bills were paid, and a "large amount of that fund was unexpended" at the time the appellee's bill was presented. The money for this contingent fund had been duly appropriated in the annual appropriation bill. That the employment of a stenographer is a legitimate expense of the law department is not controverted. The money having been expressly appropriated for such expenses, no special ordinance authorizing or directing the employment of appellee was necessary.

If in his judgment it was necessary or advisable that he, representing the law department of the city, should in the conduct of its law business appear and defend these police officers in that suit, the corporation counsel had the power

so to do and to incur liability for the city for contingent legal expenses so incurred, payable out of the fund appropriated and placed at his disposal for that purpose. The judgment of the Superior Court is affirmed.